| | |
|---|---|
| COMMON CAUSE, *et al.*, <br><br>    PLAINTIFFS, <br><br> v. <br><br> ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, *et al.*, <br><br>    DEFENDANTS. | CIVIL ACTION <br> NO. 1:16-CV-1026-WO-JEP <br><br> THREE-JUDGE COURT |
| **LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, WILLIAM COLLINS, ELLIOTT FELDMAN, CAROL FAULKNER FOX, ANNETTE LOVE, MARIA PALMER, GUNTHER PECK, ERSLA PHELPS, JOHN QUINN, III, AARON SARVER, JANIE SMITH SUMPTER, ELIZABETH TORRES EVANS,** and **WILLIS WILLIAMS,** <br><br>    Plaintiffs, <br><br> v. <br><br> **ROBERT A. RUCHO**, *in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the 2016 Joint Select Committee on Congressional Redistricting*, <br><br> **DAVID R. LEWIS,** *in his official capacity as Chairman of the North Carolina House of* | CIVIL ACTION <br> NO. 1:16-CV-1164 |

*Representatives Redistricting Committee for the 2016 Extra Session and Co-Chairman of the 2016 Joint Select Committee on Congressional Redistricting*,

**TIMOTHY K. MOORE**, *in his official capacity as Speaker of the North Carolina House of Representatives*,

**PHILIP E. BERGER**, *in his official capacity as President Pro Tempore of the North Carolina Senate*,

**A. GRANT WHITNEY, JR.**, *in his official capacity as Chairman and acting on behalf of the North Carolina State Board of Elections*,

**THE NORTH CAROLINA STATE BOARD OF ELECTIONS,** and

**THE STATE OF NORTH CAROLINA**,

    Defendants.

**MEMORANDUM IN SUPPORT OF JOINT CONSENT MOTION
TO CONSOLIDATE FOR DISCOVERY AND TRIAL**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Plaintiffs, with the consent of Defendants, in the above-captioned cases jointly submit this motion to consolidate these actions, *Common Cause v. Rucho*, No. 1:16-cv-1026 (M.D.N.C. Aug. 5, 2016), with *League of Women Voters*, 1:16-cv-1164 (M.D.N.C. Sept. 22, 2016), for discovery and trial. These cases have been marked as related cases. (*See Common Cause* Dkt. 36 and *League of Women Voters* Dkts. 4 and 32), and Defendants consent to the consolidation of the cases for discovery and trial. The two cases involve common questions

of law and fact, and it would be in the best interest of judicial efficiency to avoid the unnecessary costs, resources and delays that would result in the cases moving forward for discovery and trial separately. Both cases involve First and Fourteenth Amendment claims that challenge the constitutionality of the same 2016 North Carolina Congressional Redistricting Plan, and both actions have the same named defendants with nearly identical facts that lead to both actions being filed. The nature of the remedies that are requested in both actions include, but are not limited to, declaring the 2016 plan unconstitutional and requiring the North Carolina General Assembly to draw a new congressional plan to avoid continuing to harm Democratic voters in North Carolina's 2018 mid-term elections. Therefore, if the cases are not consolidated for discovery and trial there is potential for irreparable harm to the plaintiffs to the extent that one case being resolved before the other prevents an expedited remedy if the plaintiffs' claims are successful. Therefore, this court should grant this motion and consolidate *Common Cause* with *League of Women Voters* for discovery and trial to prevent unnecessary costs and delays.

## STATEMENT OF FACTS

On August 5, 2016, the plaintiffs in *Common Cause* filed a complaint alleging that the 2016 Congressional Redistricting Plain ("the 2016 plan") enacted by the General Assembly is an unconstitutional partisan gerrymander and seeking a preliminary and permanent injunction prohibiting the defendants from conducting any elections of North Carolina congressional members using the 2016 plan. *See* Dkt. 1. The complaint in *League of Women Voters* was filed on September 22, 2016 and includes the same allegations

regarding the 2016 plan and seeks the same remedies as the plaintiffs in *Common Cause*. *See Common Cause* Dkt. 1 and *League of Women Voters* Dkt. 1. Accordingly, when *the League of Women Voters* action was filed, the Civil Cover sheet was marked to indicate that it was related to *Common Cause*. *See League of Women Voters* Dkt. 4. Importantly, the individual plaintiffs in both cases are democratic voters in North Carolina who are harmed by the 2016 plan's unconstitutional partisan gerrymander. *See Common Cause* Dkt. 1; *see also League of Women Voters* Dkt. 1. Defendants and counsel for Defendants in this action are the same in both cases, and both cases have been assigned the same three-judge panel with Hon. William Osteen, Jr., Hon. James Wynn, and Hon. W. Earl Britt. *See Common Cause* Dkt. 27; *see also League of Women Voters* Dkt. 28.

The facts and claims in these cases are very similar. Significantly, in both cases, it is alleged that the 2016 plan is a partisan gerrymander that violates the Fourteenth Amendment's Equal Protection Clause and the First Amendment's right to freedom of speech and association. *See Common Cause* Dkt. 1; *see also League of Women Voters* Dkt. 1.

## **ARGUMENT**

These cases should be consolidated for discovery and trial because both actions involve common questions of law and fact and it is in the best interest of the parties, witnesses, and this Court's time and expense. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary

4

cost or delay. Fed. R. Civ. P. 42(a). Once the motion to consolidate "meet[s] the threshold requirement of involving 'a common question of law or fact'[,] . . . whether to grant the motion becomes an issue of judicial discretion." *Sellers v. Southeastern Cmty. & Family Servs.*, 2015 U.S. Dist. LEXIS 51939, *5 (M.D.N.C. April 20, 2015) (quoting *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04-cv-630, 2006 U.S. Dist. LEXIS 17357, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006)). This Court has held that "when determining whether consolidation is appropriate, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *Fenix Flashlights, LLC v. Li*, 1:12-cv-1310, No. 1:15-cv-140, 2015 U.S. Dist. LEXIS 132391, at *3-4 (M.D.N.C. Sept. 30, 2015).

a. *Common Cause* Should Be Consolidated With *League of Women Voters* Because the Cases Involve Common Questions of Law and Fact.

In this instance, the plaintiffs "meet the threshold requirement of involving 'a common question of law or fact." *Sellers* at 5. It is undisputable that *Common Cause* and *League of Women Voters* have common questions of fact. Both cases contain allegations that the 2016 plan is an unconstitutional partisan gerrymander that was used to ensure that Republicans win 10 of North Carolina's 13 congressional seats. *See Common Cause* Dkt. 1; *see also League of Women Voters* Dkt. 1. Additionally, both cases arise out of, allege, and rely upon the same facts regarding the actions and statements of defendants Senator

5

Robert Rucho and Representative David Lewis that were made throughout the 2016 redistricting process to support the claims against Defendants. *Id*. The complaints in both actions cite to the "Partisan Advantage" criteria used to create the 2016 plan (*see Common Cause* Dkt. 1; *see also League of Women Voters* Dkt. 1), and both complaints also cite various statements made by Representative Lewis, such as "I acknowledge freely that this would be a political gerrymander, which is not against the law" and "to the extent possible, the map drawers [would be instructed to] create a map which is perhaps likely to elect ten Republicans and three Democrats." *Id*. Indeed, the allegations in both complaints, alone, demonstrate the common questions of fact.

*Common Cause* and *League of Women Voters* also have common questions of law. In both actions, the plaintiffs allege that the 2016 plan violates the First and Fourteenth Amendments. Both complaints allege that the 2016 plan violates the plaintiffs' First Amendment right to freely associate with a political party without being burdened or penalized for doing so. *See Common Cause* Dkt. 1; *see also League of Women Voters* Dkt. 1. Both complaints also allege that the 2016 plan violates the plaintiffs' Fourteenth Amendment rights to equal protection under the law. *Id*. The only difference between the two complaints is that Plaintiffs in *League of Women Voters* offer the efficiency gap metric as a judicially manageable standard for courts to use to determine when partisan gerrymanders are unconstitutional violations of the Fourteenth Amendment. *See League of Women Voters* Dkt. 1. The efficiency gap standard does not change the fact that the underlying legal challenges in both cases are very similar.

6

In *Fenix Flashlights*, the only difference between the two actions was a named defendant, where the defendant named in the first action may have been the incorrect defendant. *Felix Flashlights*, 2015 U.S. Dist. LEXIS 132391 at *5-6. Because the two actions were otherwise identical, the court held that "given the essentially identical nature of the two matters, the lack of any demonstrated prejudice of consolidation, and the inefficiency of considering the same arguments twice," the cases would be consolidated. *Id*. at *7. This instance is the same as *Fenix Flashlights* because the efficiency gap is only one difference between *Common Cause* and *League of Women Voters*, and outside of that difference, there is a lack of any prejudice of consolidation and it would be inefficient for this court to consider the same arguments regarding the 2016 plan twice. Under these circumstances, having *Common Cause* and *League of Women Voters* move forward separately for discovery and trial is not worth the risk of inconsistent adjudication of the common factual and legal issues.

b. *Common Cause* Should Be Consolidated With *League of Women Voters* for Discovery and Trial Because There is no Risk of Prejudice or Possible Confusion

Consolidating the cases for discovery and trial will not prejudice any of the parties. Instead, not consolidating the actions would irreparably prejudice the plaintiffs in both actions because, if the plaintiffs' claims are successful on the merits, a delay caused by one action being resolved before another could cause a delay in implementing a remedy. This could result in a delay in drawing new maps prior to the 2018 midterm elections, which would unnecessarily continue to violate Plaintiffs' rights. Moreover, it is unlikely that consolidating the actions would cause confusion because of the extent of similarity in

7

questions of law and fact in both actions and because both actions are still in the beginning stages of discovery.

    c. This Action Should Be Consolidated With *League of Women Voters* for Discovery and Trial Because it is in the Best Interest of the Parties, Witnesses, and Court's Time and Expense.

It is in the parties' and witnesses' best interest to consolidate *Common Cause* for discovery and trial with *League of Women Voters* because the defendants and their attorneys in both cases are the same and the witnesses and evidence in both cases will likely be the same as both actions involve the same factual and legal allegations. *See Superior Performers, Inc. v. Meaike*, 1:13-cv-1149, 2014 U.S. Dist. LEXIS 149161, at *9 (M.D.N.C. Oct. 21, 2014) (holding that where the defendants are all represented by the same attorneys, time and expense requirements weigh in favor of consolidation). Additionally, both actions have already been assigned the same three-judge panel (s*ee Common Cause* Dkt. 27; *see also League of Women Voters* Dkt. 28) and as such moving forward separately will also be a waste of this Court's time and resources. *See, e.g.*, *Walter E. Heller & Co. v. Tuscarora Cotton Mill*, 1974 U.S. Dist. LEXIS 13035, at *5 (M.D.N.C. Mar. 29, 1974) (refusing to try an issue regarding ownership at separate trials because it "would unduly protract th[e] litigation" and denying the motion to separate was in "the interests of judicial economy and efficiency").

## CONCLUSION

For the foregoing reasons, Plaintiffs, with consent of Defendants, in both actions respectfully request that this Court grant Plaintiffs' Joint Motion to Consolidate and consolidate *Common Cause* with *League of Women Voters* for discovery and trial.

Respectfully submitted, this 2nd day of February, 2017.

| | |
|---|---|
| /s/ Anita S. Earls | /s/ Edwin M. Speas, Jr. |
| Anita S. Earls (State Bar # 15597) | Edwin M. Speas, Jr. |
| Allison J. Riggs (State Bar # 40028) | North Carolina Bar No. 4112 |
| Emily Seawell (State Bar # 50207) | Caroline P. Mackie |
| Southern Coalition for Social Justice | North Carolina Bar No. 41512 |
| anitaearls@southerncoalition.org | POYNER SPRUILL LLP |
| allisonriggs@southerncoalition.org | 301 Fayetteville Street, Suite 1900 |
| emilyseawell@southerncoalition.org | Raleigh, North Carolina 27601 |
| 1415 Highway 54, Suite 101 | espeas@poynerspruill.com |
| Durham, NC 27707 | cmackie@poynerspruill.com |
| Telephone: 919-323-3380 ext. 115 | |
| Facsimile: 919-323-3942 | |
| | |
| /s/ J. Gerald Hebert | /s/ Emmet J. Bondurant |
| J. Gerald Hebert*[1] | Emmet J. Bondurant |
| Ruth Greenwood* | Georgia Bar No. 066900 |
| Annabelle Harless* | Jason J. Carter |
| Danielle Lang* | Georgia Bar No. 141669 |
| Campaign Legal Center | Benjamin W. Thorpe |
| 1411 K Street NW, Suite 1400 | Georgia Bar No. 874911 |
| Washington, DC 20005 | BONDURANT, MIXSON & ELMORE, LLP |
| (202) 736-2200 | 1201 W. Peachtree Street, NW, Suite 3900 |
| ghebert@campaignlegalcenter.org | Atlanta, Georgia 30309 |
| rgreenwood@campaignlegalcenter.org | Telephone (404) 881-4100 |
| aharless@campaignlegalcenter.org | Facsimile (404) 881-4111 |
| dlang@campaignlegalcenter.org | bondurant@bmelaw.com |
| | carter@bmelaw.com |
| | bthorpe@bmelaw.com |

---

* Appearing pursuant to Local Rule 83.1(d).

/s/ Nicholas O. Stephanopoulos
Nicholas O. Stephanopoulos*
University of Chicago Law School
1111 E 60th St.
Chicago, IL 60637
(773) 702-4226
nsteph@uchicago.edu

*Counsel for Plaintiffs in League of Women Voters of North Carolina v. Rucho, No. 1:16-cv-1164*

/s/ Gregory L. Diskant
Gregory L. Diskant
New York Bar No. 1047240
Susan Millenky
New York Bar No. 5045570
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
gldiskant@pbwt.com
smillenky@pbwt.com

*Counsel for Plaintiffs in Common Cause v. Rucho, No. 1:16-cv-1026*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 2nd day of February, 2017.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.