IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, et al.,<br><br>    Defendants. | No. 1:16-cv-1026 |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, et al.,<br><br>    Defendants. | No. 1:16-cv-1164 |

**BRIEF IN SUPPORT OF LEAGUE OF WOMEN VOTERS PLAINTIFFS' MOTION TO BIFURCATE EXAMINATION OF DR. JOWEI CHEN**

**Statement of Facts**

These consolidated actions were filed following the North Carolina General Assembly's enactment in 2016 of a new congressional districting plan (the "2016 Plan"). *See* No. 1:16-cv-1026, ECF. No. 12 (Am. Compl.); No. 1:16-cv-1164, ECF No. 41 (Am. Compl.). The cases are scheduled for trial beginning October 16, 2017, and involve the following claims:

1

- Plaintiffs in No. 1:16-cv-1026 (hereinafter "Common Cause Plaintiffs") challenge the 2016 Plan as an unconstitutional partisan gerrymander on several grounds: the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, Article I, § 2 of the United States Constitution; and Article I, § 4 of the United States Constitution. *See* No. 1:16-cv-1026, ECF. No. 12 at 17-25 (Am. Compl.).
- Plaintiffs in No. 1:16-cv-1164 (hereinafter "League Plaintiffs") challenge the 2016 Plan as an unconstitutional partisan gerrymander on two grounds: the Equal Protection Clause of the Fourteenth Amendment and the First Amendment. *See* No. 1:16-cv-1164, ECF No. 41 at 23-27 (Am. Compl.).

Although the parties have some claims in common, including that both allege the 2016 Plan violates the First and Fourteenth Amendments, the parties in each case propose different theories of liability and therefore somewhat different facts are relevant to their claims. The League Plaintiffs rely on a statewide theory for proving the 2016 Plan is an unconstitutional partisan gerrymander, and propose a three-part test including: 1) discriminatory intent, 2) discriminatory effect, or whether a plan has exhibited a large and durable partisan asymmetry, and 3) justification, or whether a plan's discriminatory effect can be justified by the State based on legitimate redistricting criteria or political geography. *See* League Plaintiffs' Trial Brief, ECF No. 63 at 2-4. The Common Cause Plaintiffs rely on a district-specific theory that looks at several categories of evidence for proving discriminatory intent and effect. *See* Common Cause Plaintiffs' Proposed

Findings of Fact and Conclusions of Law, ECF No. 64 at 49-67. They further contend that Plaintiffs do not have to show that any discriminatory effect is severe or durable. *Id.* Thus, they do not plan to offer an expert to testify at trial on the 2016 Plan's large and durable partisan asymmetry.

To offer evidence in support of their distinct legal theories, both sets of Plaintiffs in this consolidated action have designated Dr. Jowei Chen as an expert witness. *See* Pretrial Disclosures, ECF No. 57 at 2 (Common Cause Pls.), ECF No. 56 at 4 (League Pls.). The parties have agreed that Common Cause Plaintiffs will present their case in chief first, and then League Plaintiffs will present their case. Common Cause Plaintiffs will call Dr. Chen during their case in chief, but will not have a witness laying the foundation for partisan asymmetry measures, and will not ask Dr. Chen to testify about any measure of partisan asymmetry. *See* Pretrial Disclosures, ECF No. 57 at 2 (Common Cause Pls.). However, part of the analysis Dr. Chen performed for League Plaintiffs includes discussion of the efficiency gap, a measure of partisan asymmetry.

Thus, during the League Plaintiffs' case in chief, League Plaintiffs propose to call Dr. Chen a second time, after Dr. Simon Jackman has testified to lay the foundation for Dr. Chen's testimony as it relates to the League Plaintiffs' theory of the case. Specifically, Dr. Jackman is the League's primary expert on measures of partisan asymmetry, including the efficiency gap, partisan bias, and the mean-median difference. Dr. Jackman's testimony will lay the foundation for the applicability of the partisan asymmetry framework to the facts of this case and walk the Court through how

3

asymmetry measures, such as the efficiency gap, are calculated and applied to the 2016 Plan. Dr. Chen would then testify to, among other things, his analysis that the 2016 Plan's partisan asymmetry is entirely outside the distribution of simulated maps.

### Argument

"Federal Rule of Evidence 611(a) gives broad discretion to the district court to control the 'mode and order' of interrogating witnesses and the presentation of evidence." *United States v. Thomas*, 434 Fed. App'x 238, 238 (4th Cir. 2011). In exercising this discretion, courts "consider several factors including whether the presentation is 'effective for the ascertainment of the truth' and 'avoids needless consumption of time.'" *Clark v. Allen*, No. 95-2487, 1998 U.S. App. LEXIS 4645, *8-*9 (4th Cir. Mar. 13, 1988).

This Court is amply justified in allowing the parties to call Dr. Chen separately, especially when presented with two different legal theories under which his testimony is relevant and based on two different analyses that he performed. Dr. Chen's testimony as it relates to the League Plaintiffs' theory of the case can be best understood after Dr. Jackman lays the proper foundation on the efficiency gap analysis' applicability here. Similarly, in *United States v. Bradford,* the Fourth Circuit Court of Appeals held that a district court properly exercised this discretion when it allowed the Government to recall a witness in order to lay the appropriate foundation for statements that would have otherwise been hearsay. 43 Fed. Appx. 710, 710 (4th Cir. 2002). Also, in *United States v. Dent,* the Seventh Circuit Court of Appeals found that the district court below had not

4

abused its discretion by allowing the recall of a witness to address jury confusion made apparent by notes submitted to the judge. 984 F.2d 1453, 1463-64 (7th Cir. 1993). These cases demonstrate that it is within this Court's discretion to allow the recall of a witness if done so to provide a clear, thorough presentation of the evidence to the trier of fact.

The recall of Dr. Chen will do just that here. After Dr. Chen has testified in the Common Cause Plaintiffs' case in chief, permitting Dr. Jackman to testify before Dr. Chen testifies regarding a distinct analysis as to the League Plaintiffs' claims will "avoid[] needless consumption of time" in the form of foundational objections to Dr. Chen's testimony. *Clark*, 1998 U.S. App. LEXIS at *9. Having Dr. Chen attempt to lay the foundation for his testimony by explaining the efficiency gap analysis before Dr. Jackman has had the opportunity to do so in a more thorough manner would result in repetitive, and less easy to understand, testimony. This order of examination is also "effective for the ascertainment of the truth," *id.*, because Dr. Chen's testimony relevant to the distinct legal theory in the *League* case is better framed separately: permitting him to testify separately as to different data relevant to the distinct legal theories in the two cases will avoid confusion for the Court and for Dr. Chen. It will also prevent inadvertent conflation of the two different theories. Bifurcating Dr. Chen's testimony and focusing it in turn on each legal theory is efficient and presents no danger of embarrassing or intimidating Dr. Chen; rather, allowing him to testify separately as to each case will make his testimony more effective for the Court. *See United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (in "exercis[ing] reasonable control over the

presentation of evidence and the interrogation of witnesses," a district court should "circumvent undue witness intimidation and embarrassment"). To be clear, his testimony will not be repetitive. His analysis relating to the Common Cause case is different from the additional analysis he performed for the League Plaintiffs.

Therefore, League Plaintiffs move this Court to allow the following "mode and order of examining" Dr. Chen, Fed. R. Evid. 611(a):

- During their case in chief, the Common Cause plaintiffs will call Dr. Chen to offer evidence applicable to their legal theory. At that time, League plaintiffs will only examine Dr. Chen insofar as it relates to his qualifications as an expert, if necessary. Defendants may cross-examine Dr. Chen as to evidence applicable to the Common Cause plaintiffs' legal theory and the testimony offered during his first direct examination.

- During their later case in chief, the League plaintiffs will call Dr. Chen a second time, to offer different evidence applicable to their distinct legal theory. Defendants will of course then be able to cross-examine Dr. Chen as to all testimony elicited during his second direct examination.

## Conclusion

The Court should permit the League Plaintiffs to call Dr. Chen to testify a second time during their case in chief.

Respectfully submitted this 9th day of October, 2017.

6

Case 1:16-cv-01026-WO-JEP   Document 93   Filed 10/09/17   Page 6 of 9

/s/ Anita S. Earls
Anita S. Earls (State Bar # 15597)
Allison J. Riggs (State Bar # 40028)
Emily Seawell (State Bar # 50207)
Southern Coalition for Social Justice
1415 Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380 ext. 115
Facsimile: 919-323-3942
anitaearls@southerncoalition.org


/s/ Ruth M. Greenwood
Ruth M. Greenwood*
Annabelle E. Harless*
Campaign Legal Center
73 W. Monroe St., Ste. 322
Chicago, IL 60603
(312) 561-5508
rgreenwood@campaignlegalcenter.org


/s/ Nicholas O. Stephanopoulos
Nicholas O. Stephanopoulos*
University of Chicago Law School
1111 E 60th St.
Chicago, IL 60637
(773) 702-4226
nsteph@uchicago.edu

*Counsel for League Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing Brief in Support of League of Women Voters Plaintiffs' Motion to Bifurcate Examination of Dr. Jowei Chen with the Clerk of Court using the CM/ECF system, which will automatically send an electronic copy to all attorneys of record.

This 9th day of October, 2017.

*/s/ Anita S. Earls*
Anita S. Earls

*Counsel for League Plaintiffs*

## CERTIFICATE OF WORD COUNT

I certify that the foregoing Brief in Support of League of Women Voters Plaintiffs' Motion to Bifurcate Examination of Dr. Jowei Chen contains 1,383 words as counted by the word count feature of Microsoft Word 2016, and thereby complies with Local Rule 7.3(d)(1).

This 9th day of October, 2017.

*/s/ Anita S. Earls*
Anita S. Earls

*Counsel for League Plaintiffs*