IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1026 |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1164 |

## **Order**

In a memorandum opinion and order entered January 9, 2018, this Court held that North Carolina's 2016 Congressional Redistricting Plan (the "2016 Plan")

1

constitutes an unconstitutional partisan gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and Article I of the Constitution. *Common Cause v. Rucho*, 279 F. Supp. 3d 587 (M.D.N.C. Jan. 9, 2018), *vacated* 2018 WL 1335403 (S. Ct. June 25, 2018) (mem.). In an order entered on June 25, 2018, the Supreme Court vacated this Court's judgment and remanded the case to this Court for reconsideration in light of the Court's opinion in *Gill v. Whitford*, No. 16-1161, 585 U.S. --- (2018). *Gill* stated, *inter alia*, that to establish standing to assert a partisan vote dilution claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff voter must show that "the particular composition of the voter's own district . . . causes his vote—having been packed or cracked—to carry less weight than it would carry in another, hypothetical district." Slip op. at 15-16.

The parties are invited to submit briefing to this Court by 5:00 p.m. on July 11, 2018, addressing the following four issues:

1. What impact, if any, *Gill* has on this Court's holdings that the 2016 Plan violates the First Amendment and Article I of the Constitution;
2. Whether the existing factual record is adequate to address whether Plaintiffs have standing to state a vote dilution claim under the Equal Protection Clause;
3. If a party believes additional factual development is required, what that factual development should entail; and

4. Assuming *arguendo* that no additional factual development is required, whether, under *Gill*, Plaintiffs have standing to assert a vote dilution claim under the Equal Protection Clause.

In addressing these questions, the parties should include citations to the record to support their arguments.

Date: June 27, 2018

/s/ James A. Wynn, Jr.
Hon. James A. Wynn, Jr.
United States Circuit Judge


/s/ William L. Osteen, Jr.
Hon. William L. Osteen, Jr.
United States District Judge


/s/ W. Earl Britt
Hon. W. Earl Britt
Senior United States District Judge

3

Case 1:16-cv-01026-WO-JEP   Document 125   Filed 06/27/18   Page 3 of 3