# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1026 |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1164 |

# Order

In a memorandum opinion entered January 9, 2018, this Court held that North Carolina's 2016 Congressional Redistricting Plan (the "2016 Plan") constitutes a partisan gerrymander in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and Article I of the United States Constitution. *Common Cause v. Rucho*, 279 F. Supp. 3d 587 (M.D.N.C. 2018), *vacated sub nom. Rucho v. Common Cause*, No. 17-1295, 2018 WL 1335403 (June 25, 2018). On June 25, 2018, the Supreme Court of the United States vacated this Court's judgment and remanded the case for further reconsideration in light of *Gill v. Whitford*, 138 S. Ct. 1916 (2018).

In a filing entered June 27, 2018, this Court invited the parties to submit briefing addressing the following four questions:

1. What impact, if any, *Gill* has on this Court's holdings that the 2016 Plan violates the First Amendment and Article I of the Constitution;

2. Whether the existing factual record is adequate to address whether Plaintiffs have standing to state a vote dilution claim under the Equal Protection Clause;

3. If a party believes additional factual development is required, what that factual development should entail; and

4. Assuming *arguendo* that no additional factual development is required, whether, under *Gill*, Plaintiffs have standing to assert a vote dilution claim under the Equal Protection Clause.

In so inviting, this Court advised the parties to include citations to the record in support of their arguments.

On July 11, 2018, the parties submitted briefing addressing each of the four questions. With regard to the second and third questions, League Plaintiffs[1] asserted that additional factual development is necessary to support their claims and requested that this Court reopen the record for the limited purpose of admitting declarations by Dr. Jowei Chen, who testified on behalf of Plaintiffs at trial, and Walter Salinger, former Director of the League of Women Voters of North Carolina, allegedly establishing League Plaintiffs' Article III standing to assert their vote dilution claim under the Equal Protection Clause. League of Women Voters Plaintiffs' Brief at 7–13, No. 1:16-CV-1164 (July 11, 2018), ECF No. 129. Common Cause Plaintiffs asserted that the existing factual record is sufficient to establish Common Cause Plaintiffs' standing. Brief of the *Common Cause* Plaintiffs in Response to Order of June 27, 2018 at 20–21, No. 1:16-CV-1026 (July 11, 2018), ECF No. 130. Common Cause Plaintiffs further requested that in the event this Court decides to reopen the record, that it admit a separate declaration by Dr. Chen further establishing Common Cause Plaintiffs' standing to assert their vote dilution claim under the Equal Protection Clause. *Id.* at 21. Both groups of Plaintiffs represent that Dr. Chen's declarations include supplemental analyses based on data and evidence already disclosed

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in this Court's January 9, 2018 opinion.

to Defendants and included in the record. Legislative Defendants asserted that it is unnecessary for this Court to reopen the record, but requested the opportunity to depose any witness offering new evidence or analyses as to Plaintiffs' standing. Legislative Defendants' Response to Court Order at 7, No. 1:16-CV-1164 (July 11, 2018), ECF No. 131. State Defendants took no position on the issues raised in the Court's request for briefing.

On July 13, 2018, the Supreme Court's mandate issued. Accordingly, this Court has jurisdiction over this case. This Court has not yet determined the impact, if any, *Gill* has on this Court's holdings that the 2016 Plan violates the First Amendment and Article I of the Constitution. Nor has this Court determined whether, in light of *Gill*, the existing factual record is adequate to address whether Plaintiffs still have standing to state a vote dilution claim under the Equal Protection Clause. Nor has it determined whether it will admit into evidence the declarations offered by Plaintiffs. However, upon consideration of the parties' briefs, this Court concludes that—regardless of its ultimate resolution of those questions—it will not admit Plaintiffs' declarations absent Legislative Defendants receiving any previously undisclosed data or evidence underlying the declarations and any analyses included therein and being provided with an opportunity to depose the declarants regarding the statements and analyses included in their declarations.

Accordingly, in light of Plaintiffs' proffered declarations, it is hereby

**ORDERED** that Plaintiffs shall (1) provide Defendants with any previously undisclosed data or evidence underlying the declarations on or before July 19, 2018, and

(2) make Dr. Chen and Mr. Salinger available for deposition by Legislative Defendants regarding the statements and analyses included in their declarations at a mutually agreeable time prior to or on July 31, 2018.

**FURTHER ORDERED** that the parties submit briefing to this Court on or before August 7, 2018, addressing whether—based on the existing record, the proffered declarations by Dr. Chen and Mr. Salinger, and any additional deposition testimony by Dr. Chen and Mr. Salinger—any, some, or all Plaintiffs have standing to assert a vote dilution claim under the Equal Protection Clause.

Date: July 16, 2018

/s/ James A. Wynn, Jr.
Hon. James A. Wynn, Jr.
United States Circuit Judge

/s/ William L. Osteen, Jr.
Hon. William L. Osteen, Jr.
United States District Judge

/s/ W. Earl Britt
Hon. W. Earl Britt
Senior United States District Judge