IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COMMON CAUSE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| ROBERT A. RUCHO, in his official | ) | NO. 1:16-CV-1026-WO-JEP |
| capacity as Chairman of the North | ) | |
| Carolina Senate Redistricting Committee | ) | THREE-JUDGE COURT |
| for the 2016 Extra Session and Co- | ) | |
| Chairman of the Joint Select Committee | ) | |
| on Congressional Redistricting, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| League of Women Voters of North | ) | |
| Carolina, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| Robert A. Rucho, in his official capacity | ) | NO. 1:16-CV-1164-WO-JEP |
| as Chairman of the North Carolina | ) | |
| Senate Redistricting Committee for the | ) | THREE JUDGE COURT |
| 2016 Extra Session and Co-Chairman of | ) | |
| the 2016 Joint Select Committee on | ) | |
| Congressional Redistricting, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LEGISLATIVE DEFENDANTS' RESPONSE TO COURT ORDER**

1

On July 16, 2018, the court entered an order directing Plaintiffs, among other things, to make several expert witnesses available for deposition by Legislative Defendants prior to July 31, 2018. (D.E. 133, pp. 4-5).

In its Order, the court stated that the United States Supreme Court had issued its mandate in this case on July 13, 2018. (*Id*. at p. 4) Respectfully, that was incorrect. The Supreme Court rendered its opinion in this matter on June 25, 2018. U.S. Supreme Court R. 45 states that the Supreme Court retains jurisdiction over an appeal for twenty-five (25) days after entry of a judgment, to allow time for rehearing motions, before it relinquishes jurisdiction to a lower court through entry of a mandate or the provision of a certified copy of its judgment. *See* U.S. Sup. Ct. R. 45(2)-(3). Thus, pursuant to R. 45, the earliest the Supreme Court would have issued its mandate then is July 20, 2018, not July 13, 2018.

Appellate courts retain jurisdiction over an appeal until they have issued a mandate and a lower court is generally without jurisdiction to act in the matter, despite a decision by the appellate court, until the mandate is issued. *See e.g. Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); *U.S. v. Cook*, 592 F.2d 877,880 (5th Cir.), *cert denied*, 442 U.S. 921 (1979) (appellate "court retains jurisdiction over an appeal until it has issued a mandate to implement its disposition"). A review of the Supreme Court dockets for other recent cases decided by a three-judge panel, like this one, further confirms that the Supreme Court has not yet relinquished jurisdiction. In *North Carolina, et al. v. Covington*, the Supreme Court issued its opinion on June 5, 2017, however it did not issue its mandate until twenty-five (25) days later on June 30,

2017. *See North Carolina, et al. v. Covington*, No. 16-1023 (U.S. Feb. 23, 2017), https://www.supremecourt.gov/search.aspx?filename=/docketfiles/16-1023.htm. When the Court issued its mandate, the docket clearly reflected that it had done so with an entry denoted "JUDGMENT ISSUED." *Id*. Correspondingly, the Middle District docket for *Covington* reflects that on June 30, 2017 it also received "certified" copies of the Supreme Court's judgment per the requirements of R. 45. *See* D.E. 158 & 159, *Covington et al. v. N.C.*, No. 1:15-cv-00399 (M.D.N.C. Jun. 30, 2017).

In contrast, there is no "JUDGMENT ISSUED" entry on the Supreme Court's docket for this case. *See Rucho et al. v. Common Cause et al.*, No. 17-1295 (U.S. Mar. 14,2018)https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17-1295.html. Further, this court's docket does not show any entries reflecting receipt of "certified" copies of the Court's judgment. This is because the Supreme Court has not issued its mandate relinquishing jurisdiction back to this court.

Because the Supreme Court did not issue its mandate on July 13th, this Court did not have jurisdiction to enter its July 16, 2018 Order. Accordingly, Legislative Defendants respectfully request that the Court vacate its Order and reissue it with new deadlines at the proper time following the Supreme Court's actual issuance of its mandate.

Finally, Legislative Defendants respectfully renew their request that they be allowed not only to depose Plaintiffs' expert witnesses, but also Plaintiffs themselves. Likewise, as requested in their prior response, Legislative Defendants request that they be allowed to present counter expert testimony to all new opinions provided by Plaintiffs'

experts at deposition or in declarations filed with this Court. In order for this to be a meaningful opportunity, Legislative Defendants request that the evidentiary record be re-opened in this matter and the Court schedule a new trial after a reasonable discovery period of at least two (2) months.

Respectfully submitted, this the 17th day of July, 2018.

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456
Michael D. McKnight
N.C. State Bar No. 36932
phil.strach@ogletree.com
michael.mcknight@ogletree.com
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
*Counsel for Legislative Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **LEGISLATIVE DEFENDANTS' RESPONSE TO COURT ORDER** has been electronically filed with the Clerk of Court using the CM/ECF system which will provide electronic notification of the same to the following:

Edwin M. Speas, Jr.
Carolina P. Mackie
Poyner Spruill LLP
P.O. Box 1801 (27602-1801)
301 Fayetteville St., Suite 1900
Raleigh, NC  27601
espeas@poynerspruill.com
cmackie@poymerspruill.com
*Attorneys for Common Cause Plaintiffs*

Emmet J. Bondurant
Jason J. Carter
Benjamin W. Thorpe
Bondurant, Mixson & Elmore, LLP
1201 W. Peachtree Street, NW, Suite 3900
Atlanta, Georgia 30309
bondurant@bmelaw.com
carter@bmelaw.com
bthorpe@bmelaw.com
*Attorneys for Common Cause Plaintiffs*

Gregory L. Diskant
Susan Millenky
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
gldiskant@pbwt.com
smillenky@pbwt.com
*Attorneys for Common Cause Plaintiffs*

Alexander McC. Peters
Senior Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602

5

Case 1:16-cv-01026-WO-JEP   Document 134   Filed 07/17/18   Page 5 of 6

Allison Riggs
SOUTHERN COALITION FOR SOCIAL
JUSTICE
1415 W. HWY. 54, STE. 101
DURHAM, NC 27707
Email: emily@southerncoalition.org
Email: anita@southerncoalition.org
*Attorneys for League of Women Voters of
North Carolina Plaintiffs*

Danielle M. Lang
CAMPAIGN LEGAL CENTER
1411 K STREET NW
SUITE 1400
WASHINGTON, DC 20005
202-736-2200
Fax: 202-736-2222
Email: dlang@campaignlegalcenter.org
*Attorneys for League of Women Voters of
North Carolina Plaintiffs*

Annabelle E. Harless
Ruth M. Greenwood
CAMPAIGN LEGAL CENTER
73 W. MONROE ST., STE. 322
CHICAGO, IL 60603
312-561-5508
Fax: 202-736-2222
Email: aharless@campaignlegalcenter.org
*Attorneys for League of Women Voters of
North Carolina Plaintiffs*

Nicholas O. Stephanopoulos
UNIVERSITY OF CHICAGO LAW
SCHOOL
1111 E 60TH STREET
CHICAGO, IL 60637
773-702-4226
Email: nsteph@uchicago.edu\
*Attorneys for League of Women Voters of
North Carolina Plaintiffs*

This the 17th day of July, 2018.

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

/s/ Phillip J. Strach
Phillip J. Strach

34867395.1