# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1026 |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, et al.,<br><br>        Defendants. | No. 1:16-CV-1164 |

## Order

In a memorandum opinion entered January 9, 2018, this Court held that North Carolina's 2016 Congressional Redistricting Plan (the "2016 Plan") constitutes a partisan gerrymander in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and Article I of the United States Constitution. *Common Cause v. Rucho*, 279 F. Supp. 3d 587 (M.D.N.C. 2018), *vacated sub nom. Rucho v. Common Cause*, No. 17-1295, 2018 WL 1335403 (June 25, 2018). On June 25, 2018, the Supreme Court of the United States vacated this Court's judgment and remanded the case for further consideration in light of *Gill v. Whitford*, 138 S. Ct. 1916 (2018).

In a filing entered June 27, 2018, this Court invited the parties to submit briefing addressing the following four questions:

1. What impact, if any, *Gill* has on this Court's holdings that the 2016 Plan violates the First Amendment and Article I of the Constitution;

2. Whether the existing factual record is adequate to address whether Plaintiffs have standing to state a vote dilution claim under the Equal Protection Clause;

3. If a party believes additional factual development is required, what that factual development should entail; and

4. Assuming *arguendo* that no additional factual development is required, whether, under *Gill*, Plaintiffs have standing to assert a vote dilution claim under the Equal Protection Clause.

This Court advised the parties to include citations to the record in support of their arguments.

On July 11, 2018, the parties submitted briefing addressing each of the four questions. With regard to the second and third questions, League Plaintiffs[1] asserted that additional factual development is necessary to support their claims and requested that this Court reopen the record for the limited purpose of admitting declarations by Dr. Jowei Chen, who testified on behalf of Plaintiffs at trial, and Walter Salinger, former Director of the League of Women Voters of North Carolina, allegedly establishing League Plaintiffs' Article III standing to assert their vote dilution claim under the Equal Protection Clause. League of Women Voters Plaintiffs' Brief at 7–13, No. 1:16-CV-1164 (July 11, 2018), ECF No. 129. Common Cause Plaintiffs asserted that the existing factual record is sufficient to establish Common Cause Plaintiffs' standing. Brief of the *Common Cause* Plaintiffs in Response to Order of June 27, 2018 at 20–21, No. 1:16-CV-1026 (July 11, 2018), ECF No. 130. Common Cause Plaintiffs further requested that in the event this Court decides to reopen the record, that it admit a separate declaration by Dr. Chen further establishing Common Cause Plaintiffs' standing to assert their vote dilution claim under the Equal Protection Clause. *Id.* at 21. Both groups of Plaintiffs represent that Dr. Chen's declarations include supplemental analyses based on data and evidence already disclosed to Defendants and included in the record. Legislative Defendants asserted that it is unnecessary for this Court to reopen the record, but requested the opportunity to depose any witness offering new evidence or analyses as to Plaintiffs' standing. Legislative

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in this Court's January 9, 2018 opinion.

Defendants' Response to Court Order at 7, No. 1:16-CV-1164 (July 11, 2018), ECF No. 131. State Defendants took no position on the issues raised in the Court's request for briefing.

On July 13, 2018, this Court received by certified mail from the Supreme Court, a copy of the Supreme Court's order. ECF No. 132. That same day, this Court entered the Supreme Court's order on its docket, and attached a photocopy of the envelope in which the Supreme Court sent its order. *Id.*

On July 16, 2018, this Court, *in accordance with Legislative Defendants' request in their July 11, 2018 brief*, entered an order (the "July 16 Order") directing Plaintiffs to (1) provide Defendants with any previously undisclosed data or evidence underlying the proffered declarations of Dr. Chen and Mr. Salinger on or before July 19, 2018 and (2) make Dr. Chen and Mr. Salinger available for deposition by Legislative Defendants regarding the statements and analyses included in their declarations at a mutually agreeable time prior to or on July 31, 2018. ECF No. 133. The July 16 Order further directed the parties to submit briefing to this Court on or before August 7, 2018, addressing whether—based on the existing record, the proffered declarations by Dr. Chen and Mr. Salinger, and any additional deposition testimony by Dr. Chen and Mr. Salinger—any, some, or all Plaintiffs have standing to assert a vote dilution claim under the Equal Protection Clause. *Id.*

On July 17, 2018, Legislative Defendants entered a filing titled "Legislative Defendants' Response To Court Order," asserting, *inter alia*, that this Court was without jurisdiction to enter the July 16 Order because under the U.S. Supreme Court Rule 45, "the

4

Supreme Court retains jurisdiction over an appeal for twenty-five (25) days after entry of a judgment." Legislative Defendants' Response To Court Order 2, No. 1:16-CV-1164 (July 18, 2018), ECF No. 134. Legislative Defendants maintain that, under Rule 45, "the earliest the Supreme Court would have issued its mandate . . . is July 20, 2018." *Id.* "Accordingly Legislative Defendants respectfully request that the Court vacate its Order and reissue it with new deadlines at the proper time following the Supreme Court's actual issuance of its mandate." *Id.* at 3.

Rule 45(1), which governs cases on review from state courts, provides that the Court will issue a mandate "25 days after entry of the judgment." But that rule does not govern this case. Rather, under Rule 45(2), "[i]n a case on review from any court of the United States . . . *a formal mandate does not issue unless specifically directed*; instead the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment." This Court received from the Supreme Court a copy of the Court's order on July 13, 2018. ECF No. 132. And the Supreme Court did not "specifically direct[]" issuance of a mandate, meaning that the Court will not, under the plain language of Rule 45(2), issue a mandate. Accordingly, contrary to Legislative Defendants' argument, the plain language of Rule 45(2) provides that this Court obtained jurisdiction as of July 13, 2018.

Furthermore, we note that the July 16 Order does not impose any binding obligations on Legislative Defendants until after July 20, 2018, the date Legislative Defendants claim this Court will obtain jurisdiction. Rather, the *only* obligation imposed by the July 16 Order on any party—which requires Plaintiffs to turn over to Defendants

5

any previously undisclosed data or evidence underlying the declarations—runs against *Plaintiffs*, not Defendants.

To the extent, Legislative Defendants maintain this court is without jurisdiction until July 20, 2018, the parties may consider this order as continually entered until that date. Plaintiffs have until 5:00 p.m. on July 20, 2018 to turn over to Defendants any previously undisclosed data or evidence underlying the declarations. The remaining deadlines established in the continuing July 16 Order remain in effect, all of which post-date July 20, 2018, and provide the parties with ample time to depose Dr. Chen and Mr. Salinger regarding the statements and analyses included in their proffered declarations and prepare additional briefing based on those declarations and depositions.

Date: July 18, 2018

/s/ James A. Wynn, Jr.
Hon. James A. Wynn, Jr.
United States Circuit Judge

/s/ William L. Osteen, Jr.
Hon. William L. Osteen, Jr.
United States District Judge

/s/ W. Earl Britt
Hon. W. Earl Britt
Senior United States District Judge