# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, *et al.*, <br><br> PLAINTIFFS, <br><br> v. <br><br> ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, *et al.*, <br><br> DEFENDANTS. | CIVIL ACTION <br> NO. 1:16-CV-1026-WO-JEP <br><br> THREE-JUDGE COURT |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, *et al.,* <br><br> PLAINTIFFS, <br><br> v. <br><br> ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the 2016 Joint Select Committee on Congressional Redistricting, *et al.,* <br><br> DEFENDANTS. | CIVIL ACTION <br> NO. 1:16-CV-1164-WO-JEP <br><br> THREE-JUDGE COURT |

**COMMON CAUSE PLAINTIFFS' BRIEF IN RESPONSE TO LEGISLATIVE DEFENDANTS' EMERGENCY MOTION TO STAY PENDING SUPREME COURT REVIEW AND REQUEST FOR EXPEDITED RULING**

By Emergency Motion, Legislative Defendants seek a stay of the Court's August 27, 2018 Order, ECF No. 142 (the "Order")—which invalidated North Carolina's 2016 congressional plan (the "2016 Plan")—pending Supreme Court review.[1] Leg. Defs.' Emerg. Mot. to Stay, ECF No. 146 ("Stay Motion"). They seek a ruling by today, Tuesday, September 4, 2018. Plaintiffs in *Common Cause v. Rucho*, No. 1:16-cv-2016 ("Plaintiffs"), submit the following brief in response.

## ARGUMENT

Legislative Defendants' Stay Motion rehashes their familiar arguments against this Court's thoughtful and unanimous conclusion that the 2016 Plan violates the Constitution—arguments that this Court has carefully considered and rejected on multiple occasions based on well-settled precedents. Legislative Defendants also insist that Supreme Court review is necessary before any remedy imposed by this Court can take effect. If Plaintiffs believed it were possible to impose a remedy in time for the 2018 election, we would vigorously oppose a stay, because this Court's opinion is so plainly correct. However, as Plaintiffs advised the Court on Friday, we have regretfully concluded that a pre-election remedy would risk unacceptable voter confusion and, indeed, may not be mechanically possible.

If the Court agrees and decides not to implement a remedial map before the 2018 election, then the stay calculus changes. Legislative Defendants' professed concern about "electoral chaos" would become moot. *See* Leg. Defs.' Mem. in Supp. of Mot. to

---

[1] Citations to ECF document numbers throughout this brief refer to the document numbers as they appear in *Common Cause et al. v. Rucho et al.*, No. 1:16-CV-1026.

Stay at 4, ECF No. 147 ("Stay Mem."). So, too, does their assertion that this motion requires emergency action by this Court. Nonetheless, even under these circumstances, Plaintiffs believe that the most prudent course would be to permit the Supreme Court the opportunity to speedily review and affirm this Court's judgment before a remedy is implemented—well in advance of the 2020 election.

The Legislative Defendants purport to desire Supreme Court review as well. They filed a notice of appeal to the Supreme Court on Friday, August 31, 2018, even before this Court had determined what remedy to impose and when. In their brief, the Legislative Defendants assert that "[g]iven the near certainty of Supreme Court review, the prudent course is to defer any remedy until after the Court considers the issue." Stay Mem. at 3. They further argue that "this case should be stayed so that a full Supreme Court can evaluate the merits of plaintiffs' claims and the soundness of the Court's order declaring the 2016 Plan illegal." *Id.* at 12. Plaintiffs agree that a timely affirmance from the Supreme Court would eliminate any uncertainty in the remedial process and ultimately speed the final resolution of this case.

Therefore, if the Court agrees to defer any remedy until after the 2018 election, Plaintiffs do not oppose a stay that is structured to guarantee that the Supreme Court has a *prompt* opportunity to review and affirm this Court's decision in the coming Term, which begins in October 2018 and concludes in June 2019. The opportunity for prompt Supreme Court review would be optimized by speedy filing of briefs with no requests for extensions of time. As a start, that would be helped if the Legislative Defendants file their

jurisdictional statement within the next 30 days (by October 1, 2018), rather than the 60 days permitted under the Supreme Court rules. This would impose no undue burden on the Legislative Defendants, whose experienced Supreme Court counsel has already filed three briefs in the Supreme Court on this case. At the same time, this would give the Supreme Court a clear opportunity to consider the jurisdictional statement and Plaintiffs' response by December—which is traditionally when the Court fills its argument calendar for the remainder of the Term.

The advantage of prompt filing is that, if the Court then decided to receive plenary briefing and hear argument on this case, it could do so in Spring 2019, in time for a June 2019 decision. This schedule would leave ample time for this Court to implement a post-affirmance remedy well in advance of the 2020 election cycle. By contrast, if Legislative Defendants were able to delay this appeal until the 2019 Term of the Supreme Court, with a decision potentially as late as June 2020, this Court would again face difficult questions about whether a remedy would interfere with election machinery already underway.

Plaintiffs have been litigating to spare North Carolina voters the injury and indignity of being forced to vote in one illegal election after another, a concern that this Court shares. It would be an abomination if the Legislative Defendants were somehow able to delay Supreme Court review into the 2019 Term of the Court, and then argue—yet again—that it is too late to afford a remedy to North Carolina's voters. There is no doubt that delay is their game. Otherwise, when *Gill* was decided this past June,

Legislative Defendants would have joined Plaintiffs in asking the Supreme Court to promptly decide this case on the merits—rather than falsely insisting that remand was necessary because district-specific standing had never been litigated in this case and that this Court's judgment was "based … entirely on statewide theories of harm." Legislative Defs.' Suppl. Br. at 1, *Rucho v. Common Cause*, No. 17-1295 (U.S. June 20, 2018). This stratagem has now made a 2018 remedy all but impossible.

To prevent further delay and to ensure that Legislative Defendants' appeal is resolved in time to make a difference for the next election cycle, Plaintiffs propose the following course of action with respect to the Stay Motion (assuming that the Court agrees to defer any remedy until after the present election cycle). Specifically, this Court should exercise its discretion to stay its August 27, 2018 Order pending review by the Supreme Court on two conditions: (1) that the stay will expire of its own force 30 days after the filing of the Legislative Defendants' Notice of Appeal (*i.e.*, on October 1, 2018) *unless* the Legislative Defendants have, by that time, filed their Jurisdictional Statement in the Supreme Court; and (2) that the Legislative Defendants thereafter diligently prosecute their appeal to the Supreme Court with no requests for extensions of time. So long as these conditions are met, this Court's stay would remain in effect pending the resolution of Legislative Defendants' appeal. If they were violated, the stay would expire on its own terms.

Respectfully submitted, this 4th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.
North Carolina Bar No. 4112
Steven B. Epstein
North Carolina Bar No. 17396
Caroline P. Mackie
North Carolina Bar No. 41512
POYNER SPRUILL LLP
301 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 783-6400
espeas@poynerspruill.com
sepstein@poynerspruill.com
cmackie@poynerspruill.com

/s/ Emmet J. Bondurant
Emmet J. Bondurant
Georgia Bar No. 066900
Jason J. Carter
Georgia Bar No. 141669
Benjamin W. Thorpe
Georgia Bar No. 874911
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, NW, Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
bondurant@bmelaw.com
carter@bmelaw.com
bthorpe@bmelaw.com

/s/ Gregory L. Diskant
Gregory L. Diskant
New York Bar No. 1047240
Peter A. Nelson
New York Bar No. 4575684
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
gldiskant@pbwt.com
pnelson@pbwt.com
***Counsel for the* Common Cause *Plaintiffs***

5

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

The undersigned hereby certifies that the foregoing brief, exclusive of the case caption and certificate of service, contains less than six thousand two hundred fifty (6,250) words.

This the 4th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

This the 4th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.