# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMON CAUSE, *et al.*, <br><br> PLAINTIFFS, <br><br> v. <br><br> ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the Joint Select Committee on Congressional Redistricting, *et al.*, <br><br> DEFENDANTS. | CIVIL ACTION <br> NO. 1:16-CV-1026-WO-JEP <br><br> THREE-JUDGE COURT |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, *et al.*, <br><br> PLAINTIFFS, <br><br> v. <br><br> ROBERT A. RUCHO, in his official capacity as Chairman of the North Carolina Senate Redistricting Committee for the 2016 Extra Session and Co-Chairman of the 2016 Joint Select Committee on Congressional Redistricting, *et al.*, <br><br> DEFENDANTS. | CIVIL ACTION <br> NO. 1:16-CV-1164-WO-JEP <br><br> THREE-JUDGE COURT |

**RESPONSE OF THE *COMMON CAUSE* PLAINTIFFS TO THE COURT'S ORDER OF SEPTEMBER 4, 2018**

In its Order of September 4, 2018, the Court directed Plaintiffs and the State Defendants[1] to respond to Legislative Defendants' stay motion and specifically address "whether Legislative Defendants will suffer irreparable harm from our order not to allow the use of the unconstitutional 2016 Plan beyond the November 6, 2018, general election."

The short answer is no – Legislative Defendants will not be irreparably harmed from the denial of their motion for a stay of this Court's order, so long as the Supreme Court has the opportunity to affirm this Court's ruling in its upcoming October 2018 Term, *i.e.,* by the end of June 2019. The only immediate effect of the Court's August 27, 2018 Order is (a) to declare the 2016 Plan unconstitutional and (b) to enjoin the use of the 2016 Plan by the defendants – which include the North Carolina State Board of Elections and the State of North Carolina –for *congressional elections* held *after* the November 6, 2018 general election.

Legislative Defendants have already filed their Notice of Appeal. If Legislative Defendants pursue their appeal diligently and file their Jurisdictional Statement expeditiously within 30 days (rather than waiting the full 60 days permitted by Supreme Court rules) *and* if they refrain from seeking extensions of time while prosecuting the

---

[1] The State Defendants consist of the Chairman of the North Carolina Board of Elections, the Board itself, and the State of North Carolina. These defendants have not sought a stay and have not appealed this Court's order. As this Court has recognized, *see* Jan. 16, 2018 Order, ECF 123 at 9-10, Legislative Defendants—four Republican leaders of the General Assembly, none of whom are running for or elected to Congress—cannot show that they will be irreparably harmed by enjoining the use of the 2016 Plan after this year's election while they await a Supreme Court ruling.

appeal, there will be ample time for the Supreme Court either to summarily affirm or to note probable jurisdiction and rule on the merits of their appeal during the October 2018 Term, well in advance of the 2020 general election. This Court has discretionary authority to condition the stay on Legislative Defendants' pursuit of an expedited appeal. *See, e.g.*, *Donovan v. Bierwirth*, 680 F.2d 263, 265 (2d Cir. 1982); *United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty.*, 2016 U.S. Dist. LEXIS 83466, at *37 (S.D.N.Y. June 27, 2016); *Florida v. United States HHS*, 780 F. Supp. 2d 1307, 1319 (N.D. Fla. 2011); *People for the Am. Way Found. v. United States Dep't of Educ.*, 518 F. Supp. 2d 174, 178-79 (D.D.C. 2007); *Ctr. For Int'l Evtl. Law v. Office of the United States Trade Representative*, 240 F. Supp. 2d 21, 23-24 (D.D.C. 2003); *United States v. Linnas*, 527 F. Supp. 426, 440 n.36 (E.D.N.Y. 1981).

By contrast, Plaintiffs and the citizens of North Carolina would be irreparably harmed if a stay is granted without imposing a concomitant obligation on Legislative Defendants to pursue their appeal expeditiously. That inequitable result may permit Legislative Defendants to delay a decision by the Supreme Court until the 2020 Term, at which time they would then certainly argue (as they have in every prior instance) that any remedy would come too late.

Legislative Defendants have already moved up the date for qualifying for the November 2020 congressional elections by two months. Qualifying for the 2020 election is now scheduled to begin in mid-December 2019. The primary takes place in May 2020. Legislative Defendants should not be allowed to drag their feet and try to run out the

3

Case 1:16-cv-01026-WO-JEP   Document 152   Filed 09/05/18   Page 3 of 8

clock once again. If Legislative Defendants succeed in delaying a ruling on their appeal by the Supreme Court until the end of the October 2019 Term, *i.e.*, June 2020, they will then argue that it will be too late in the election cycle and will cause "chaos and confusion," to order new congressional district lines to be drawn prior to the 2020 general elections, even if, as we expect, the Supreme Court rejects the Legislative Defendants' arguments and affirms the ruling of this Court. While we will dispute that argument, there is no need for it to exist at all. The citizens of North Carolina are entitled to a ruling on the issues presented by this case well before then.

Legislative Defendants are not entitled to a stay pending appeal as a matter of right. A stay pending appeal is a *discretionary* measure that normally requires a strong showing by the moving parties that they are likely to succeed on appeal, that they will be irreparably harmed by the denial of a stay, and that the harm to the movants outweighs any harm to the opposing parties or to the public if a stay is granted. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Legislative Defendants do not meet this test. Meanwhile, Plaintiffs and the public will be irreparably injured if this Court's ruling cannot be implemented in time for the 2020 elections.

The *Common Cause* Plaintiffs agree that a prompt decision from the Supreme Court on the merits of the constitutional claim is now possible and will serve the public interest. For that reason, they do not object to a discretionary stay pending appeal – in effect, simply a commitment by this Court not to impose remedies until the Supreme Court rules – so long as Legislative Defendants are ordered to pursue their appeal

expeditiously by (1) filing their Jurisdictional Statement within 30 days of the filing of their Notice of Appeal, i.e., by October 1, 2018, and (2) refraining from seeking any extensions of time in prosecuting this appeal. If those conditions are met, the stay will remain in effect. If they are violated, the stay will expire by its own terms. (The *Common Cause* Plaintiffs reserve the right to move this Court to lift the stay if for some reason there is no ruling by the Supreme Court by June 2019).

Respectfully submitted, this 5th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.
North Carolina Bar No. 4112
Steven B. Epstein
North Carolina Bar No. 17396
Caroline P. Mackie
North Carolina Bar No. 41512
POYNER SPRUILL LLP
301 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
espeas@poynerspruill.com
sepstein@poynerspruill.com
cmackie@poynerspruill.com

/s/ Emmet J. Bondurant
Emmet J. Bondurant
Georgia Bar No. 066900
Jason J. Carter
Georgia Bar No. 141669
Benjamin W. Thorpe
Georgia Bar No. 874911
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, NW, Suite 3900
Atlanta, Georgia 30309
Telephone (404) 881-4100
bondurant@bmelaw.com
carter@bmelaw.com
bthorpe@bmelaw.com

5

/s/ Gregory L. Diskant
Gregory L. Diskant
New York Bar No. 1047240
Peter A. Nelson
New York Bar No. 4575684
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 336-2000
gldiskant@pbwt.com
pnelson@pbwt.com
***Counsel for the* Common Cause *Plaintiffs***

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

The undersigned hereby certifies that the foregoing brief, exclusive of the case caption and certificate of service, contains less than six thousand two hundred fifty (6,250) words.

This the 5th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

This the 5th day of September, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.